BLD-241                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2335
_____

IN RE: TRENTON JOHN TOMPKINS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-20-cv-01141)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 5, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 12, 2021)
_____

OPINION[*]
_____

PER CURIAM

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Trenton John Tompkins, proceeding pro se and in forma pauperis, filed a petition for a writ of mandamus. For the reasons below, we will deny the petition.

Tompkins previously took an appeal in this Court from an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint against an assistant public defender appointed to represent him in a criminal case. After we notified Tompkins that we would consider whether summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 was appropriate, and after Tompkins responded by submitting argument in support of his appeal, we summarily affirmed the District Court's judgment. Tompkins v. Hackett, 841 Fed. App'x 367 (3d Cir. 2021) (No. 20-3590) (per curiam).

Within the next several weeks, Tompkins submitted a copy of the full-length brief he had intended to file if the appeal had proceeded, a "Motion to Correct Error," and a Petition for Rehearing. The substantive arguments of the motion were substantially identical to those of the petition; Tompkins essentially asked us to reconsider our decision to decide his appeal summarily, contending that his appeal presented substantial questions. The Clerk informed Tompkins that the brief and motion would "be placed on this Court's docket, but no further action will be taken on them," because, "[e]xcept for the appellant's right to seek rehearing, the Court's judgment concluded this appeal." Tompkins, No. 20-3590 (order entered on April 29, 2021). We then denied Tompkins's petition for rehearing as to both en banc and panel rehearing.

After our mandate issued (and after Tompkins filed several other motions), he filed a "Motion/Application for Review and Reconsideration to Clerk's Action Pursuant

2

to 3d Cir. L.A.R. 27.6." In that motion, he argued that the Clerk should have submitted his "Motion to Correct Error" to a panel of this Court and that his motion should have been granted. In response, the Clerk informed Tompkins that no further action would be taken on his submission because "[w]ith the issuance of this Court's mandate, the Court's decision became final, and the Court lost any authority to alter or change its decision." Tompkins, No. 20-3590 (order entered on June 16, 2021). The Clerk noted that any arguments regarding alleged error should have been made in the petition for rehearing, that supplemental and successive petitions for rehearing are not permitted, and that any further review must be sought in the United States Supreme Court. Id.

A month later, Tompkins filed this petition. He requests that we consider and grant his "Motion/Application for Review and Reconsideration to Clerk's Action Pursuant to 3d Cir. L.A.R. 27.6" and his "Motion to Correct Error" so that a briefing schedule may issue in C.A. No. 20-3590.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) 'no other adequate means [exist] to attain the relief he desires, (2) the party's 'right to issuance of the writ is "clear and indisputable,"' and (3) 'the writ is appropriate under the circumstances.'" Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004)). Tompkins does not make the required showing.

3

First, Tompkins has other adequate means to pursue relief. As the Clerk has explained to him, he may seek review in the United States Supreme Court if he wishes to challenge decisions in his appeal. See In re Briscoe, 448 F.3d 201, 211 (3d Cir. 2006) ("[M]andamus is not a mere alternative to an appeal.").

Second, Tompkins has not shown that he has any clear and indisputable right to our consideration of his "Motion to Correct Error," which was essentially a duplicate submission of his request for rehearing, which we denied. While he insists that we must entertain his "Motion/Application for Review and Reconsideration to Clerk's Action Pursuant to 3d Cir. L.A.R. 27.6" and review and reconsider the Clerk's decision to take no action on the "Motion to Correct Error," he does not have a clear and indisputable right to our review of that order under the local rule that he cites. Local Rule 27.6 provides for review by a single judge or a panel of this Court of rulings the Clerk has made on certain procedural motions while exercising authority that we have given her. However, the Clerk did not make a ruling on Tompkins' "Motion to Correct" (or his other post-opinion filings). Instead, she informed him that his filings would not be further considered because the appeal had concluded, except for his right to seek rehearing. Later, she explained to him that his additional filings would not be considered because our mandate had issued.

Finally, Tompkins has not shown that a writ of mandamus would be an appropriate exercise of our discretion under the circumstances. See Briscoe, 448 F.3d at 212. The substantive arguments in Tompkins' "Motion to Correct Error" were, in all relevant ways, identical to those included in his petition for rehearing. Court review of

4

that motion would have had no effect on the disposition of his appeal. Tompkins believes his appeal raised substantial questions. We concluded it did not and so both summarily affirmed and denied his petition for rehearing. Revisiting this determination would not justify the drastic remedy of mandamus.

Accordingly, we will deny Tompkins's petition for a writ of mandamus.